UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daniel Perez

     v.

Warden, New Hampshire
State Prison

Civil No. 19-cv-372-JD
Opinion No. 2021 DNH 112

O R D E R

Daniel Perez seeks a writ of habeas corpus under 28 U.S.C. § 2254.  In support, he contends that the state court illegally changed his sentence, in violation of his due process rights under the Fourteenth Amendment.  The warden moves for summary judgment.  Perez objects.

Standard of Review

"Summary judgment is appropriate when the moving party shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[1] Joseph v. Lincare, Inc., 989 F.3d 147, 157 (1st Cir. 2021) (quoting Fed. R. Civ. P. 56(a)).  In making that determination, the court construes the record in the light most favorable to

---

[1] The Federal Rules of Civil Procedure apply to habeas corpus cases under § 2254 to the extent these rules do not conflict with the Rules Governing Section 2254 Cases.  Rules Gov. § 2254 Cases 12; Reid v. Warden, 2017 DNH 033, 2017 WL 706187, at *1 (D.N.H. Feb. 22, 2017).

the nonmoving party.  Thompson v. Gold Medal Bakery, Inc., 989 F.3d 135, 141 (1st Cir. 2021).  To avoid summary judgment, the nonmoving party "must adduce specific facts showing that a trier of fact could reasonably find in his favor" and "cannot rely on conclusory allegations, improbable inferences, acrimonious invective, or rank speculation."  Id.

### Background[2]

Perez was convicted on one count of aggravated felonious sexual assault, one count of attempted aggravated felonious sexual assault, and three counts of felonious sexual assault. On April 18, 2016, Perez was sentenced to three and a half to ten years in prison on each charge of felonious sexual assault, to be served concurrently.  His sentence for attempted aggravated felonious sexual assault was suspended.

The same day, the state filed an application for review of Perez's sentence.  On May 10, 2016, the clerk of the sentence review division informed the Rockingham County Attorney's Office

---

[2] The relevant background facts are taken from document no. 13 filed conventionally; the New Hampshire Supreme Court's decision, State v. Perez, Case No. 2016-0271, 2017 WL 4341420 (N.H. Aug. 1, 2017); exhibits filed by Perez with the petition, document no. 1; documents filed by the warden with the answer, document no. 12; the sentence review division file, document no. 36 (filed under seal), as well as the documents filed by the warden and Perez with the briefs on the motion for summary judgment.

that it had an obligation to have a transcript of the sentencing hearing prepared.  On September 6, 2017, the clerk told the Rockingham County Attorney's Office that the review board needed a transcript of the sentencing hearing before the process could move forward.  On May 1, 2018, the clerk told the Rockingham County Attorney's Office that the transcript had still not been received and that the sentence review would be dismissed if the transcript was not received within sixty days.  The Rockingham County Attorney's Office provided the transcript to the clerk a few days later.

The sentencing review board completed a summary review of the record in August 2018 and directed that a hearing be scheduled.  The hearing was conducted on December 21, 2018.  On January 2, 2019, the sentencing review board issued its decision, increasing Perez's sentences to seven and a half to fifteen years in prison on the felonious sexual assault charges, to be served concurrently.  It did not change the sentence on attempted aggravated felonious sexual assault.  Perez's petition to the New Hampshire Supreme Court for a writ of certiorari as to his sentences was denied on May 3, 2019.[3]

---

[3] Perez's convictions were affirmed by the New Hampshire Supreme Court in August 2017.

On preliminary review and after amendment, the court allowed the following claims:

(1) Statements Perez made to the Salem police were used against him, after his motion to suppress was denied, although he did not make a knowing, intelligent, and voluntary waiver of his Miranda rights.

(2) The trial court reviewed potentially exculpatory confidential information in camera but did not disclose it.

(3) The superior court illegally changed Perez's sentence.

<u>Discussion</u>

The warden moved for summary judgment on all three of Perez's claims.  In his objection,[4] Perez declines to proceed with his first two claims but presses the third, arguing that the delay in imposing his increased sentence violated his due process rights under the Fourteenth Amendment to the United States Constitution.  The warden filed a reply.[5]

---

[4] After Perez initially failed to respond to the warden's motion, the court granted summary judgment in favor of the warden.  The same day that the court granted summary judgment, however, Perez moved for appointment of counsel.  The court granted Perez's motion for appointment of counsel and vacated its summary judgment order and judgment in favor of the warden. The court also granted Perez leave to file an objection to the warden's summary judgment motion after counsel was appointed.

[5] Because Perez's claim fails on its merits, the court does not address the warden's argument that Perez failed to exhaust his remedies in the state courts.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on

The Fourteenth Amendment's due process protections "serve[] as a backstop against exorbitant delay" in criminal proceedings. Betterman v. Montana, 136 S. Ct. 1609, 1617 (2016); see United States v. Lovasco, 431 U.S. 783, 789-90 (1977) (stating that "the Due Process Clause has a limited role to play in protecting against oppressive delay").  Exorbitant delay in imposing a sentence after a defendant's conviction can violate a defendant's due process rights.  See United States v. Ray, 578 F.3d 184, 200 (2d Cir. 2009).

In determining whether a delay in sentencing is so exorbitant that it violates a defendant's due process rights, the court heeds the factors outlined in Barker v. Wingo, 407 U.S. 514 (1972).  See Betterman, 136 S. Ct. at 1618 n.12 (stating that "[r]elevant considerations may include the length of and reasons for delay, the defendant's diligence in requesting expeditious sentencing, and prejudice"); United States v. Lacerda, 958 F.3d 196, 219 (3d Cir. 2020); United States v. Yupa Yupa, 796 Fed. Appx. 297, 299 (7th Cir. Dec. 3,

_____

the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Gonsalves v. Thompson, 396 F. Supp. 2d 36, 43 (D. Mass. 2005) (noting that court can consider the merits of unexhausted claims only in order to deny the petition).  Since Perez's claim was not addressed by the New Hampshire Supreme Court, regardless of whether it was properly presented, the court examines the claim de novo.  See Clements v. Clarke, 592 F.3d 45, 52 (1st Cir. 2010); Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001).

2019) (stating that the Seventh Circuit has used the Barker
factors "for some time" in evaluating whether a sentencing delay
violates a defendant's due process rights).[6]  The Barker factors,
which were established as a test for evaluating alleged
violations of the Sixth Amendment's Speedy Trial Clause,[7] are the
length of the delay, the reasons for the delay, the defendant's
assertion of his right, and prejudice to the defendant.  United
States v. Carpenter, 781 F.3d 599, 608 (1st Cir. 2015).  Absent
other extraordinary circumstances, prejudice to the defendant is
critical to demonstrating that a violation of his due process
rights has occurred.  See Lovasco, 431 U.S. at 790 ("[P]roof of
actual prejudice makes a due process claim concrete and ripe for
adjudication, not that it makes the claim automatically

---

[6] To be sure, the Supreme Court has not established a
definitive test for when post-conviction delays in sentencing
constitute a due process violation.  Betterman, 136 S. Ct. at
1618 ("Today's opinion leaves us free to decide the proper
analytical framework to analyze such claims if and when the
issue is properly before us.") (Thomas, J., concurring); id. at
1619 ("The Court has no reason to consider today the appropriate
test for such a Due Process Clause challenge because petitioner
has forfeited any such claim. . . .  I write separately to
emphasize that the question is an open one.") (Sotomayor, J.,
concurring).  In her concurrence in Betterman, however, Justice
Sotomayor asserted that the "flexible" Barker factors would be
the appropriate test for whether sentencing delays violate a
defendant's due process rights.  Id.

[7] A defendant's right to a speedy trial under the Sixth
Amendment, however, does not extend to post-conviction delays in
sentencing.  Betterman, 136 S. Ct. at 1613.

valid."); Ray, 578 F.3d at 200 (holding that a defendant claiming a due process violation because of delay in sentencing must demonstrate substantial prejudice resulting from delay); Yupa Yupa, 796 Fed. App'x at *299 ("To establish a due process claim, a defendant must demonstrate, at a minimum, proof of prejudice.").

Perez has not shown that a genuine dispute of material fact exists as to whether the state's delay in completing his sentence review violated his due process rights under the Fourteenth Amendment.  Even attributing the reason for the delay to the state and assuming that Perez did all he could to assert any right he had to a more timely sentence review, Perez's showing of whether the delay prejudiced him is insufficient to show that his due process rights were violated.

Perez contends that he suffered prejudice because, being so near to the end of his original minimum sentence, he began the process of rehabilitation and completed a sex offender program at the prison.  He contends that those efforts were undermined when the new sentence was imposed after a nearly three-year delay.  While rehabilitative efforts are commendable, Perez's completion of the sex offender program at the prison is not similar to the circumstances that occurred in United States v. Ray, which Perez cites as analogous precedent.

In Ray, fifteen years after a defendant's release pending appeal and pending resentencing, a district court imposed a six-month sentence to a halfway house. 578 F.3d at 186. The Second Circuit vacated the new sentence on due process grounds, observing that "[i]n that time, [the defendant] has undergone what appears to be a complete rehabilitation: she has remarried, raised a family, built a career, paid income taxes, and obtained higher education. To remove her from her current life and compel her to reside for six months in a halfway house would undermine her successful rehabilitation." Id. at 201.

In contrast, no change in Perez's status quo occurred while he awaited the outcome of his sentence review. Perez remained incarcerated pursuant to his original sentence, and his present situation has been unaffected by the delay in the review board's decision. Perez's rehabilitative efforts and completion of the sex offender program did not change the status quo. Perez provides no argument or evidence showing that any of his circumstances would be different if the review board's decision had been more expedient. For those reasons, the delay in Perez's resentencing did not prejudice him and did not violate his rights under the Fourteenth Amendment.

Perez also argues that a "thorough factual inquiry into the reasons for the delay is necessary" before summary judgment can be granted in the warden's favor. Doc. 37-1 at 11. Perez's

claim, however, does not present the type of extraordinary circumstances that could allow it to move forward without even a minimal showing of prejudice resulting from the delay.  See Ray, 578 F.3d at 200; Yupa Yupa, 796 Fed. App'x at *299.[8]

Conclusion

For the foregoing reasons, the warden's motion for summary judgment (doc. no. 17) is granted.

Because Perez has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment in favor of the warden and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 19, 2021

cc:  Counsel of Record.

---

[8] The warden noted in her reply that she would not object to a stay to allow Perez to litigate his claim in state court. Perez, however, has not asked for a stay and, in any event, a stay is unnecessary because Perez's due process claim fails on its merits.  See Rhines v. Weber, 544 U.S. 269, 277 (2005) (explaining that a stay to exhaust state court remedies should not be granted if the "unexhausted claims are plainly meritless").